Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ROSA MARÍA VICIOSO TUEROS DE SUÁREZ<br><br>Peticionario<br><br>v.<br><br>MARGARITA ODETTE SUÁREZ NOYA Y OTROS<br><br>Recurridos | KLCE202401128 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: K AC2017-0367<br><br>Sobre: Partición de Herencia, Pago De Legado y Pago de la Cuota Viudal |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Comparece ante *nos*, Rosa María Vicioso Tueros de Suárez (peticionaria) y nos solicita que revisemos y revoquemos una *Resolución* emitida y notificada el 18 de septiembre de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de San Juan.

Mediante el referido dictamen, el TPI determinó, entre otras cosas, que (1) los herederos pueden optar por conmutar cualquier cantidad por encima de los $5 millones mediante el pago de una renta vitalicia a la viuda, equivalente a lo que hubiera recibido como usufructuaria del caudal; (2) de necesitar valorar las acciones para calcular el usufructo viudal, se usará el valor en los libros, no el valor en el mercado; (3) en cuanto al nombramiento de peritos al amparo del Artículo 570 del Código de Enjuiciamiento Civil, no ha lugar en este momento; (4) en cuanto al Contador Partidor, el albacea presentará una moción donde exprese si se activa el Artículo

Número Identificador

RES2024 _____

600 del Código de Enjuiciamiento Civil junto con candidatos, sus resumes y el costo de sus servicios.

Por los fundamentos que exponemos a continuación, se *deniega* el auto de *certiorari.*

**I.**

El caso de autos tiene su génesis en una *Demanda* sobre partición de herencia, pago de legado y pago de la cuota viudal, que presentó la parte peticionaria el 21 de abril de 2017, en contra de la Sucesión del señor Vicente Suárez Sánchez. Según expuso, el 1 de abril de 2015, el causante Vicente Suárez Sánchez otorgó un testamento abierto ante el Notario Horacio R. Subirá. Asimismo, señaló que mediante el testamento el señor Vicente Suárez Sánchez le concedió el pago en efectivo de $5 millones como usufructo viudal, cantidad que podría ser mayor luego del avalúo correspondiente. Agregó que el testamento disponía que de resultar su legítima en una suma menor de $5 millones, la diferencia se consideraría un legado y se debía pagar en efectivo.

Así las cosas, el 5 julio de 2017, el albacea, Diego Suárez Matienzo, presentó una *Contestación a Demanda.* Por su parte, la Sucesión Suárez-Sánchez presentó su *Contestación a Demanda, Reconvención y Solicitud de Sentencia Declaratoria,* el 6 de julio de 2017. El 5 de diciembre de 2017, la peticionaria presentó una *Moción de Sentencia Sumaria Parcial,* mediante la cual solicitó que se declarara la validez de la conmutación ordenada por el causante mediante testamento, el avalúo de la cuota usufructuaria y el pago en efectivo del usufructo viudal. En respuesta, el 19 de diciembre de 2019, la Sucesión Suárez-Sánchez presentó una *Solicitud de Sentencia Sumaria en Cuanto a Solicitud de Sentencia Declaratoria [...],* mediante la cual alegó que el testador no tiene facultad para conmutar debido a que es un derecho exclusivo de los herederos.

El 31 de enero de 2020, el foro primario emitió una *Sentencia Parcial* mediante la cual declaró con lugar la solicitud de sentencia sumaria parcial instada por la peticionaria, a los efectos de proclamar la validez de la cláusula testamentaria en cuestión. En consecuencia, ordenó a la Sucesión Suárez-Sánchez la conmutación del usufructo viudal conforme a lo establecido en el testamento del señor Vicente Suárez Sánchez. Asimismo, resolvió que la Sucesión Suárez-Sánchez debía hacer entrega a la viuda del pago de los $5 millones en efectivo, lo antes posible. Concluyó que, de resultar que el valor de la cuota viudal fuera menor a los $5 millones, la diferencia se reputaría como un legado. Por el contrario, de resultar en una cantidad mayor, se deberá pagar en moneda de EE. UU. y que, por no estar claramente expresado en el testamento, la Sucesión Suárez-Sánchez podrá determinar la forma y manera en la que se realizarán los pagos. El dinero ya entregado a la señora Vicioso se descontaría y, por lo tanto, la Sucesión Suárez-Sánchez debía completar el restante de los $5 millones lo antes posible.

Inconforme con esa determinación, las partes comparecieron ante este Tribunal mediante dos (2) recursos de apelación en los casos: KLAN202000411 y KLAN202000471, los cuales fueron consolidados. Consecuentemente, el 27 de octubre de 2021, un panel hermano emitió una *Sentencia* mediante la cual se modificó la *Sentencia Parcial* apelada.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 18 de septiembre de 2024, el TPI emitió una *Resolución.* Mediante esta, resolvió que:

1. En cuanto a la forma de pagar el usufructo viudal los herederos pueden optar por conmutar cualquier cantidad por encima de los $5 millones mediante el pago de una renta vitalicia a la viuda, equivalente a lo que hubiera recibido como usufructuaria del caudal.

2. De necesitar valorar las acciones para calcular el usufructo viudal, se usará el valor en los libros (Book Value), no el valor en el mercado.

3. En cuanto al nombramiento de peritos al amparo del Artículo 570 del Código de Enjuiciamiento Civil, no ha lugar en este momento.

4. En cuanto al Contador Partidor el albacea presentará una moción donde exprese si se activa el Artículo 600 del CEC junto con candidatos, sus resumes y el costo de sus servicios. Tenga 30 días para esto. Si no está en posición para hacer tal solicitud al amparo del artículo 600, supra, tenga 15 días para así informarlo.

Inconforme, el 18 de octubre de 2024, la parte peticionaria compareció ante *nos* mediante una *Petición de Certiorari* y señaló la comisión de los siguientes errores:

A. ERRÓ EL TPI AL DENEGAR POR PREMATURO EL NOMBRAMIENTO DE DOS PERITOS JUDICIALES SEGÚN LO CONTEMPLA EL ARTÍCULO 570 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.

B. ERRÓ EL TPI AL CONCLUIR QUE PROCEDE VALORAR LAS ACCIONES E INTERESES PROPIETARIOS CORPORATIVOS A BASE DE SU VALOR EN LOS LIBROS Y NO A BASE DEL VALOR EN EL MERCADO DE TODOS SUS ACTIVOS.

C. ERRÓ EL TPI AL IGNORAR LA LEY DEL CASO ESTABLECIDA EN LA SENTENCIA DEL TA QUE CONCLUYÓ QUE EL TESTADOR VÁLIDAMENTE LE IMPUSO A LOS COHEREDEROS EL MÉTODO DE CONMUTACIÓN DEL USUFRUCTO VIUDAL A UN CAPITAL EN EFECTIVO.

El 22 de octubre de 2024, la Sucesión Suárez-Sánchez presentó una *Solicitud de Breve Término [...]*. El 25 de octubre de 2024, emitimos una *Resolución* mediante la cual le concedimos a la Sucesión Suárez-Sánchez hasta el 8 de noviembre de 2024, para presentar su alegato en oposición. El 6 de noviembre de 2024, la Sucesión Suárez-Sánchez presentó una *Solicitud de Término Adicional [...]*. Así, el 12 de noviembre de 2024, emitimos una *Resolución* mediante la cual le concedimos hasta el 8 de noviembre de 2024, para presentar su alegato en oposición.

El 13 de noviembre de 2024, la Sucesión Suárez-Sánchez presentó una *Oposición a Expedición de Certiorari*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp., et al.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o

peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez v. Caribbean Int'l. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores-Jiménez v. Colberg,* 173 DPR 843 (2008).

### III.

Examinado el recurso de *certiorari* ante nuestra consideración, a la luz de la *Resolución* recurrida, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

En su recurso, la parte peticionaria arguyó que erró el TPI al denegar por prematuro el nombramiento de dos (2) peritos judiciales según lo contempla el Artículo 570 del Código de Enjuiciamiento Civil. Esbozó, además, que erró el TPI al concluir que procede valorar las acciones e intereses propietarios corporativos a base de su valor en los libros y no a base del valor en el mercado de todos sus activos. A su vez, acentuó que erró el TPI al ignorar la ley del caso establecida en la *Sentencia* del Tribunal de Apelaciones que concluyó que el testador válidamente les impuso a los coherederos el método de conmutación del usufructo viudal a un capital en efectivo.

Luego de un análisis concienzudo del expediente ante nuestra consideración, específicamente, de la *Resolución* del 18 de septiembre de 2024, así como de la *Sentencia* de este Tribunal del 27 de octubre de 2021, concluimos que no encontramos indicio de que el foro primario haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores-Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp*, 184 DPR 689 (2012). Es decir, la *Resolución* recurrida no contiene indicio alguno de craso abuso de discreción, prejuicio, parcialidad o error al aplicar las normas procesales o sustantivas pertinentes, que justifiquen nuestra intervención en sustitución del criterio utilizado por el foro primario en el ejercicio de su discreción.

Debe mantenerse presente que, el TPI actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. Véase, *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996). Así, nos corresponde prestar al foro primario debida deferencia, de manera que se continúen los procedimientos del caso, sin mayor dilación.

Por lo cual, a la luz del marco jurídico enunciado y a tenor con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, así como lo establecido en la Regla 52.1 de Procedimiento Civil, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, denegamos el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones